IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANESHA VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SENECA BIOPHARMA, INC., KENNETH C. CARTER, CRISTINA CSIMMA, MARY ANN GRAY, DAVID MAZZO, BINXIAN WEI, TOWNSGATE ACQUISITION SUB I, INC., and LEADING BIOSCIENCES, INC.,<br><br>    Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to herself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On December 16, 2020, Seneca Biopharma, Inc. ("Seneca" or the "Company") entered into an agreement (the "Merger Agreement") to merge with Townsgate Acquisition Sub 1, Inc. ("Merger Sub") and Leading BioSciences, Inc. ("Leading BioSciences") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Leading BioSciences will become a wholly-owned subsidiary of Seneca and Seneca will issue a number of shares of Seneca common stock to the stockholders of Leading BioSciences.

3. On February 11, 2021, defendants filed a Form 424B3 (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Seneca common stock.

9. Defendant Seneca is a Delaware corporation. Seneca's common stock is traded on the NASDAQ under the ticker symbol "SNCA."

10. Defendant Kenneth C. Carter is Chairman of the Board of Directors of Seneca (the "Board").

11. Defendant Cristina Csimma is a member of the Board.

12. Defendant Mary Ann Gray is a member of the Board.

13. Defendant David Mazzo is a member of the Board.

14. Defendant Binxian Wei is a member of the Board.

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual

Defendants."

16. Defendant Merger Sub is a Delaware corporation.

17. Defendant Leading BioSciences is a Delaware corporation.

## SUBSTANTIVE ALLEGATIONS

18. On December 16, 2020, Seneca entered into the Merger Agreement, under which Leading BioSciences will become a wholly-owned subsidiary of Seneca, and Seneca will issue a number of shares of Seneca common stock to the stockholders of Leading BioSciences.

19. The press release announcing the Proposed Merger provides as follows:

Seneca Biopharma, Inc. (Nasdaq: SNCA) ("Seneca"), and Leading BioSciences, Inc. ("LBS"), a privately held company focused on developing novel therapeutics to improve human health through therapeutic protection of the gastrointestinal ("GI") mucosal barrier, announced today that they have entered into a definitive agreement under which a wholly owned subsidiary of Seneca will merge with LBS in an all-stock transaction. The combined company will focus on advancing LBS's lead pipeline asset, LB1148, in clinical studies to evaluate its potential to improve restoration of normal GI function following major surgery and reduce certain postoperative complications such as abdominal adhesions. Upon completion of the merger, the company is expected to operate under the name Palisade Bio, Inc. and trade on the Nasdaq Capital Market under the ticker symbol PALI.

Altium Capital has agreed to invest $22.5 million at the close of the merger, subject to customary conditions. The private placement financing will help fund continued development of the combined company's clinical programs, including LB1148, and is expected to close immediately prior to the completion of the merger.

LB1148 is a Phase 3-ready, patent-protected, oral formulation of a broad-spectrum serine protease inhibitor designed to neutralize the activity of potent digestive proteases that are released from the gut during surgery, which in turn contribute to the temporary loss of normal gastrointestinal function and formation of postoperative adhesions. By inhibiting the activity of these digestive proteases, LB1148 has the potential to prevent damage to GI tissues, accelerate the time to return of normal GI function, and shorten the duration of costly post-surgery hospital stays. []

**About the Proposed Transaction**

The merger is structured as a stock-for-stock transaction whereby all of LBS's outstanding shares of capital stock and securities exercisable for LBS's common

stock will be exchanged for Seneca common stock and securities exercisable for Seneca common stock. On a pro forma basis and based upon the number of shares of Seneca common stock to be issued or issuable in the merger, it is anticipated that Seneca equity holders immediately following the merger will own approximately 26.2% of the combined company and LBS equity holders (inclusive of investors in the financing) immediately following the merger will own approximately 73.8% of the combined company on a fully diluted basis using an adjusted treasury stock method.

Shareholders of Seneca will also receive one contingent value right ("CVR") for each share of Seneca common stock (including any warrants exercisable for shares of Seneca common stock) as a dividend. This will entitle the holder to receive, in certain circumstances, a certain percentage the net proceeds, if any, derived from the sale or license of the intellectual property of Seneca. Full details of the CVR agreement will be contained in Seneca's S-4 to be filed with the SEC.

Final share exchange allocations will be subject to adjustment based on Seneca's net cash balance at the time of closing. The transaction has been approved by the board of directors of both companies. The merger is expected to close in the first half of 2021 subject to the approval of Seneca stockholders at a special stockholder meeting, the approval of LBS stockholders, the closing of the financing, as well as other customary conditions.

Solebury Trout LLC is acting as financial advisor to Seneca for the transaction and Silvestre Law Group, P.C. is serving as legal counsel to Seneca. Evolution Venture Partners is acting as financial advisor to LBS, and Cooley LLP is serving as legal counsel to LBS.

20.    On February 11, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

## Financial Analyses

21.    The 424B3 fails to disclose material information regarding the financial analyses performed by Cassel Salpeter & Co., LLC ("Cassel"), Seneca's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

22. The 424B3 fails to disclose the following regarding Cassel's Selected Companies Analysis: the individual multiples for the companies.

23. The 424B3 fails to disclose the following regarding Cassel's Selected Initial Public Offering Analysis: (i) the multiples for the IPOs; and (ii) Cassel's basis for applying a multiple range of 0.7x to 1.0x.

24. The 424B3 fails to disclose the financial analyses performed by Seneca's other financial advisors, Hibiscus Bioventures ("Hibiscus") and Solebury Capital LLC ("Solebury").

Financial Projections

25. The 424B3 fails to disclose Seneca's and Leading BioSciences' financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

Background of the Proposed Merger and Potential Conflicts of Interest

26. The 424B3 fails to disclose the terms of the confidentiality agreements executed by Seneca.

27. The 424B3 fails to disclose the terms of the proposals made during the process leading up to the Proposed Merger.

28. The 424B3 fails to disclose the terms of Hibiscus' and Solebury's engagements.

29. The 424B3 fails to disclose whether Hibiscus and Solebury have performed prior services for the parties to the Merger Agreement, and if so, the timing and nature of the services and the fees received by Hibiscus and Solebury in connection with the services.

30. If disclosed, the omitted information would significantly alter the total mix of information available to Seneca's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Seneca for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33. Seneca is liable as the issuer of these statements.

34. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

35. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

36. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

38. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants and Leading BioSciences for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants and Leading BioSciences acted as controlling persons of Seneca within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Seneca and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants and Leading BioSciences was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

47. Leading BioSciences also had supervisory control over the composition of the 424B3 and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the 424B3.

48. Accordingly, the Individual Defendants and Leading BioSciences violated Section 20(a) of the Exchange Act.

49. The Individual Defendants and Leading BioSciences had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 1, 2021

**GRABAR LAW OFFICE**

By: *Joshua H. Grabar*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*